ALBERTO J. CORREA ZENON, demandante y apelado, *v.* PHILLIP JONES, demandado y apelante.

*Número:* CC-96-151          *Resuelto:* 28 de junio de 1996

*Julio C. Colón*, abogado del apelante.

PER CURIAM: En vista de que la sentencia de la cual se recurre revocó el dictamen emitido por el Tribunal de Primera Instancia (Hon. Luis A. Amerós Álvarez, Juez) y que dicha sentencia revocatoria dispone finalmente de la cuestión litigiosa planteada en el pleito de epígrafe, el recurso apelativo apropiado para solicitar su revisión es la *apelación*, según dispone el Art. 3.002(f) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i(f)), antes de ser enmendada por la Ley Núm. 248 de 25 de diciembre de 1996 (4 L.P.R.A. secs. 21i–21k, 22n–22p, 23f y 23n).

Acogido el recurso como una apelación, y en conformidad con lo dispuesto en la Regla 54 del anterior Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI,[1] procede confirmar la sentencia recurrida.

Los hechos que dieron lugar a esta solicitud de apelación se relatan a continuación.

I

Surge de la sentencia recurrida que el apelante recurrido, Sr. Alberto J. Correa Zenon, y su padre, Sr. Roberto Correa (en adelante Correa), son dueños de un predio de terreno de veintisiete (27) cuerdas dedicadas a la crianza de ganado y de cabros. Éstos se han dedicado a ese negocio

---

[1] La Regla 4(a) de Transición del actual Reglamento de este Tribunal, que entró en vigor el 1ro de mayo de 1996, dispone que habiendo comenzado el transcurso del término para acudir en alzada de la sentencia recurrida con anterioridad al 1ro de mayo de 1996, fecha cuando entró en vigor la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 21i–21k, 22n–22p, 23f y 23n), este recurso procede ser tramitado bajo la Ley de la Judicatura de Puerto Rico de 1994, antes de ser enmendada por la Ley Núm. 248, *supra*, así como por el anterior Reglamento del este Tribunal aprobado el 13 de enero de 1995. Bajo el nuevo reglamento, la Regla 54 pasó a ser la Regla 50 (4 L.P.R.A. Ap. XXI-A).

desde hace alrededor de diez (10) años. La finca colinda, en parte, con la finca del apelado peticionario Sr. Phillip Jones (en adelante Jones), quien se dedica a la agricultura mediante la siembra de frutos menores.

Desde hace varios años, Jones se ha quejado de que en varias ocasiones los animales de Correa adentran en su propiedad causándole daños a sus cultivos. En todos estos incidentes Jones se ha comunicado con Correa para que recoja sus animales. En esta última ocasión Jones retuvo unas veintiuna (21) vacas,[2] hasta tanto Correa le pagara por los daños que dicho ganado le había ocasionado a su siembra, los cuales había estimado en siete mil dólares ($7,000).

En las ocasiones anteriores, aun cuando el ganado había causado daños a los cultivos, éste era devuelto a su dueño sin que se efectuara pago alguno para resarcir los daños que había ocasionado. No obstante, en esta ocasión, específicamente el 25 de septiembre de 1995, el policía estatal Ángel F. Meléndez se presentó a la residencia de Correa para advertirle y notificarle que varias de sus cabezas de ganado se habían adentrado a la finca contigua, causándole daños a los cultivos de su vecino.

Ante tal situación, Correa se dirigió a buscar su ganado, el cual no encontró porque Jones lo retuvo y se negó a devolverlo. Fundamentó su negativa a devolver los animales en que se le compensara por los daños ocasionados por dichas reses a su finca o, de lo contrario, las vendería para así resarcirse de los daños ocasionados por éstas.

Debido a la negativa de Jones de devolver los referidos animales, el 2 de octubre de 1995 Correa presentó una petición de *injunction* para solicitar, en síntesis, al tribunal a quo que, previo los trámites legales correspondientes, ordenara a Jones que desistiera de su conducta y devolviera las cabezas de ganado que tenía en su posesión.

---

[2] Una de las vacas fue reclamada por una persona distinta al apelado.

La vista para dilucidar esta controversia fue celebrada el 19 de octubre de 1995, en la cual comparecieron las partes representadas por sus respectivos abogados. En ésta Correa ofreció prueba documental que consistía en una carta dirigida por Jones a Correa, por conducto de su representación legal, de 2 de octubre de 1995, así como otra carta dirigida a Correa por Jones, que aunque llevaba fecha de 2 de septiembre de 1995, por estipulación de las partes se acordó que fue a finales del mes de septiembre.

Según la prueba presentada ante el Tribunal de Primera Instancia, Sala Superior de Ponce, la razón para que el ganado de Correa adentre en los predios de Jones se debe a que el tamaño de la finca del primero no es lo suficientemente grande para satisfacer las necesidades alimenticias del ganado, por lo cual dichos animales pasan a la finca contigua a saciar su hambre.

Escuchada la prueba, el tribunal a quo (Hon. Luis A. Amorós Álvarez, Juez), el 23 de octubre de 1995 dictó una sentencia en la que declaró no ha lugar la solicitud sobre *injunction* que fue presentada ante su consideración. Al así resolver, el tribunal de instancia acogió el planteamiento de Jones a los efectos de que el Art. 552 del Código Civil, 31 L.P.R.A. sec. 1953, le faculta a ocupar las reses de Correa hasta tanto éste le pague los daños ocasionados por ellas. El archivo en autos de una copia de la notificación de la sentencia se efectuó el 21 de octubre de 1995.

Inconforme con tal determinación, Correa acudió mediante un recurso de apelación ante el Tribunal de Circuito de Apelaciones el 21 de noviembre de 1995. En esencia, alegó que el tribunal de instancia cometió un grave error de derecho al declarar no ha lugar la petición de *injunction* y resolver que Jones no tiene obligación alguna de devolverle las reses a su dueño bajo el Art. 552 del Código Civil, *supra*, para reconocerle así un derecho de retención sobre dichas reses. Por su parte, Jones se opuso oportunamente al recurso.

El 8 de abril de 1996 el Tribunal de Circuito de Apelaciones dictó una sentencia en la que revocó la sentencia apelada y declaró con lugar la solicitud de *injunction* presentada. Por lo tanto, ordenó a Jones la inmediata devolución del ganado que tenía en su posesión y que pertenece a Correa. Al así resolver, determinó el foro apelativo que el Art. 552 del Código Civil, *supra,* no dispone un derecho de retención a favor de aquella persona a quien los animales hayan causado daños, hasta tanto éstos hayan sido resarcidos, y que Correa reclamó los animales en controversia de forma oportuna dentro del período de veinte (20) días establecido en el artículo referido. El archivo en autos de copia de la notificación de dicha sentencia se efectuó el 23 de abril de 1996.

De dicha sentencia del Tribunal de Circuito de Apelaciones acude ante nos Jones y formula los señalamientos de error siguientes:

> 1. Erró el Honorable Tribunal Apelativo al determinar que el Art. 552 del Código Civil de Puerto Rico no concede un derecho de Retención para Animales Abandonados y que su interpretación como estatuto se debe hacer separando unos párrafos de otros.
>
> 2. Erró el Honorable Tribunal Apelativo al determinar que es de aplicación a este caso la Doctrina establecida por este Honorable Tribunal en el caso de *Rodríguez & Co. v. Stowel [sic.] y Otros,* 93 C.D.T. 111. *Certiorari*, pág. 7.

## II

En síntesis, en su primer señalamiento de error aduce Jones que incidió el Tribunal de Circuito de Apelaciones al interpretar por separado los párrafos del Art. 552 del Código Civil, *supra,* y fundamentado en ello, determinar que dicho artículo no reconoce un derecho de retención a favor de aquella persona a quien los animales le hayan ocasionado daños hasta tanto éstos hayan sido resarcidos. Sos-

tiene que los párrafos del referido artículo deben ser interpretados en conjunto, sin distinción de partes. El error no se cometió. Veamos.

El Art. 552 del Código Civil de Puerto Rico, *supra*, dispone:

*Sec. 1953. Enjambres de abejas; animales amansados*

El propietario de un enjambre de abejas tendrá derecho a perseguirlo sobre el fundo ajeno, indemnizando al poseedor de éste el daño causado. Si estuviere cercado, necesitará el consentimiento del dueño para penetrar en él.

Cuando el propietario no haya perseguido, o cese de perseguir el enjambre dos días consecutivos, podrá el poseedor de la finca ocuparlo o retenerlo.

El propietario de animales amansados podrá también reclamarlos dentro de veinte días, a contar desde su ocupación por otro. Pasado este término, pertenecerán al que los haya cogido y conservado. Código Civil, 1930: art. 552.

▪ De una lectura del artículo transcrito surge con claridad que dicha disposición del Código Civil consta de dos (2) partes separables: una referente a los enjambres de abejas y otra referente a los animales amansados. Así, los dos (2) primeros párrafos aplican única y exclusivamente a los enjambres de abejas. El último párrafo aplica a los animales amansados. Indiscutiblemente, de haber sido el propósito del legislador que las disposiciones referentes a los enjambres de abejas aplicaran a los animales amansados, éste no hubiese distinguido entre ambos grupos como en efecto lo hizo.

▪ Al respecto, el propio Art. 552, *supra*, dispone de un término de veinte (20) días para que el dueño de animales amansados los reclame, so pena de perder la titularidad de éstos. En atención a lo anterior, es menester determinar desde qué momento comienza a decursar el término de veinte (20) días dispuesto en la ley.

▪ A tales efectos, nos dice el ilustre tratadista español

José María Manresa y Navarro,[3] discutiendo el Art. 612 del Código Civil español, correspondiente al Art. 552 nuestro:

> El precepto que nos ocupa sigue un criterio distinto al que ha predominado sobre las abejas. Aquí no se trata del hecho de perseguir al animal. Persígase o no, el término es de veinte días, contados, no desde su fuga, ni desde que perdió la costumbre de volver a la casa del poseedor, *sino desde su ocupación por otro, sea cualquiera el tiempo en que estuvo el animal en libertad.* A diferencia de otros comentaristas, no vemos dificultad en la aplicación del precepto. No existe perjuicio de tercero, mientras no exista aprehensión u ocupación; *la ley atiende, no tanto el plazo para perder, como al plazo para adquirir.* El animal vaga libre un mes o un año; nadie puede decir que es suyo más que el que lo amansó, y esto como un privilegio a su favor; no hay conflicto de derechos. Lo ocupa de nuevo el dueño, sea cuando sea, pero antes que otro, y es claro que continúa en su posesión; lo ocupa antes un tercero, y entonces es precisamente cuando surge el conflicto; *la ley sólo concede a un tercero la propiedad por la posesión durante veinte días; por eso exige, no sólo que lo haya cogido, sino también que lo haya conservado.* De aquí se deduce que, si después de cogido el animal, se escapa o de cualquier modo no se conserva su posesión durante dicho término, nada se ha adquirido, y puede otro cualquiera cogerlo y conservarlo, *y si antes de los veinte días de posesión reclama el propietario antiguo, hay que restituírselo.* (Énfasis suplido.)

En el caso de epígrafe, el demandante Correa —aquí apelado— reclamó los animales en controversia dentro del período de veinte (20) días dispuesto por el citado Art. 552, según concluyera el foro recurrido.

Conforme a lo anterior resolvemos, como lo hiciera el foro apelativo, que en el caso de autos resulta aplicable tan sólo lo dispuesto en el tercer párrafo del Art. 552 del Código Civil, *supra.*

---

[3] J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 7ma ed., Madrid, Ed. Reus, 1972, T. V, pág. 100.

## III

En síntesis, en su segundo señalamiento de error Jones aduce que incidió el Tribunal de Circuito de Apelaciones al determinar que resultaba de aplicación al caso de autos lo resuelto en el caso *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 D.P.R. 881 (1993). Sostiene dicha parte que el referido caso no presenta un cuadro fáctico similar del caso de autos, ya que en este último el animal que se adquiere por ocupación se encuentra abandonado y ocasionando daños a la persona que lo ocupa. Entendemos que el error no se cometió. Veamos.

Contrario a lo que sostiene Jones, el Tribunal de Circuito de Apelaciones no aplicó al caso de autos lo resuelto en el caso *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra. Dicho tribunal más bien utilizó el referido caso de manera persuasiva en la argumentación de su denegatoria a la contención de Jones de que ostentaba un derecho de retención sobre el ganado de Correa hasta tanto se le compensasen los daños. Sobre el particular, señaló el foro apelativo que:

> En el caso de autos la parte apelada [aquí apelante] alega que tiene derecho a retener las cabezas de ganado hasta tanto le sean resarcidos los daños ocasionados por éstos. No encontramos fundamento alguno en derecho para sostener tal determinación. Este Tribunal no puede permitir bajo circunstancia alguna el que quede al arbitrio de las partes la forma de asegurar el pago de daños que se le ocasionen. De así hacerlo, nuestra decisión tendría el efecto de permitir a las partes a las que alegadamente se le ha ocasionado algún daño[,] realizar embargos preventivos sin la intervención del tribunal y sin la radicación de fianza alguna. Apéndice, pág. 8.

Cabe señalar que la determinación de que el apelante Jones no ostenta un derecho de retención sobre el ganado, no deja a dicha parte desprovista de un remedio

ante los daños alegadamente sufridos. Tal y como determinó el foro apelativo, Jones tiene a su disposición el remedio provisto en el Art. 1805 del Código Civil, 31 L.P.R.A. sec. 5144. Dicho artículo dispone, en lo pertinente, que "[e]l poseedor de un animal, o el que se sirve de él, es responsable de los perjuicios que causare, aunque se le escape o extravíe". Dispone, además, el referido artículo que "[s]ólo cesará esta responsabilidad en el caso de que el daño proviniera de fuerza mayor o culpa del que lo hubiese sufrido". Presentada una reclamación al amparo de este artículo, Jones podría solicitar al tribunal que le provea los mecanismos necesarios para asegurar la sentencia que en su día recaiga.

En virtud de lo anterior, entendemos que no incidió el Tribunal de Circuito de Apelaciones al revocar la sentencia del tribunal de instancia y declarar con lugar la solicitud de *injunction* presentada por Correa.

Por los fundamentos antes expuestos, *se confirma la sentencia recurrida.*